IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

## JOHN E. CARTER v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Johnson County**
**No. 4632    Lynn W. Brown, Judge**

**No. E2005-01296-CCA-R3-HC - Filed October 7, 2005**

The petitioner, John E. Carter, appeals from the trial court's order construing his untitled pleading as one for writ of habeas corpus and denying relief. The state has filed a motion requesting that this court affirm the trial court's denial of relief pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. The petitioner has failed to establish that he is entitled to habeas corpus relief. Accordingly, the state's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which GARY R. WADE, P.J., and NORMA MCGEE OGLE, J., joined.

John E. Carter, Mountain City, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Seth P. Kestner, Assistant Attorney General, for the Appellee, State of Tennessee.

**MEMORANDUM OPINION**

In 1982, the petitioner was convicted by a jury for two counts of first degree murder. Upon these convictions, the trial court sentenced the petitioner to two consecutive life sentences. On direct appeal, the judgments were affirmed. See State v. John E. Carter, No. 83-114-III (Tenn. Crim. App. Feb. 20, 1985). The petitioner subsequently sought post-conviction relief based on a claim of ineffective assistance of counsel. His petition was dismissed following an evidentiary hearing and this court affirmed the decision on appeal. In the interest of justice, however, this court vacated its February 1985 judgment affirming the petitioner's murder convictions and reentered its judgment to permit the petitioner an opportunity to seek second-tier appellate review of its judgment. The petitioner sought permission to appeal this court's judgment, and the Tennessee Supreme Court denied his application. See John E. Carter v. State, No. 89-27-III (Tenn. Crim. App. Feb. 9, 1990), app. denied (Tenn. July 2, 1990). Further, as the petitioner acknowledges in his pleading, he has unsuccessfully challenged his convictions in "at least eleven (11) separate proceedings" through the filing of petitions for habeas corpus, coram nobis, and/or post-conviction relief, including multiple

motions to reopen his post-conviction petition, all raising variations of the claims he presents here.

Most recently, on April 12, 2005, the petitioner filed a pleading styled as an "Untitled Motion/Petition" in which he asserted that his murder convictions were obtained in violation of his constitutional rights to due process. In particular, the petitioner argued that his convictions were based on improper interpretations of state law under which the elements of premeditation and deliberation were improperly commingled and which prevented him from presenting a defense of diminished capacity at trial. The petitioner asserts that these areas of the law were subsequently clarified by later decisions of our supreme court and contends he is thus entitled to an "adequate corrective process" to present his claims before this court or to have his judgments vacated and the case remanded for a new trial. The trial court construed the pleading as a petition for writ of habeas corpus. Finding that it failed to comply with the mandatory statutory requirements applicable to habeas corpus petitions and failed to state a cognizable claim for relief, the trial court dismissed the pleading. The petitioner timely appealed.

Before this court, the petitioner first takes issue with the trial court's treatment of his petition as one for habeas corpus relief, asserting that he was thereby denied the opportunity to fully litigate his constitutional claims. Although the petitioner's claims are constitutionally based, we conclude that the trial court correctly construed and denied the petitioner's pleading as one for habeas corpus relief. Construing the pleading as one for post-conviction relief in the present case was not an option in this case. As noted, the petitioner has previously sought post-conviction relief and his petition was denied on the merits following a full hearing of the petitioner's claims. The petitioner is thus barred by the single-petition provision from attacking the same judgment in a second or subsequent post-conviction proceeding. See Tenn. Code Ann. § 40-30-102(c). In the alternative, the trial court correctly noted that the pleading fails to satisfy the mandatory requirements for seeking habeas corpus relief. See Tenn. Code Ann. §§ 29-21-107(b)(2), (3), (4). Moreover, the petitioner's claims of improper or unclear interpretations of law do not present cognizable claims for habeas corpus relief. As further noted, the petitioner has brought numerous previous post-conviction, habeas corpus and other manner of challenges to his convictions in which variations of the claims he presents here were rejected. We surmise that this led the petitioner to file the instant "untitled motion/petition" which we must conclude similarly avails him no relief. For each of these reasons, we conclude that the trial court properly dismissed the pleading.

Upon due consideration of the pleadings, the record, and the applicable law, the court concludes that the petitioner has not established that he is entitled to habeas corpus relief. Accordingly, the state's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

JAMES CURWOOD WITT, JR, JUDGE